IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Hamm, | ) |
|     Plaintiff, | ) No. 9:15-cv-4668-RMG |
| vs. | ) **ORDER** |
| Dr. Mittal, | ) |
|     Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 36), recommending that Defendant's motion for summary judgment be granted. For the reasons stated below, the Court ADOPTS the R & R, GRANTS Defendant's motion for summary judgment (Dkt. No. 19), and DISMISSES this action with prejudice.

## I. Background

Plaintiff is a civilly committed inmate under the South Carolina Sexually Violent Predator's Act (SVPA), S.C. Code Ann. § 44-48-10, *et. seq.* He asserts claims under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and possibly the Omnibus Adult Protection Act. Specifically, Plaintiff alleges that he received inadequate medical care because (1) Defendant denied him a hearing test, (2) Defendant did not order treatment by a dermatologist for his skin lesions, and (3) Defendant did not order a blood test to determine if he has rheumatoid arthritis. (Dkt. No. 1-2). The Magistrate Judge recommended granting summary judgment as to all of Plaintiff's claims. (Dkt. No. 36). Plaintiff has filed a response to the R&R, (Dkt. No. 38), and Defendant has filed a reply. (Dkt. No. 39).

1

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

2

242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. Discussion

**A. Section 1983 Claims Regarding Medical Treatment**

"The substantive component of the due process clause protects against only the most egregious, arbitrary governmental conduct–that is, conduct that can be said to 'shock[ ] the conscience.'" *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "[I]t is . . . clear that negligence alone does not amount to a constitutional violation." *Id.* In the case of a civilly committed individual, denial-of-medical-care claims and inadequate-medical-care claims are governed by the professional judgment standard articulated by the Supreme Court in *Youngberg v. Romeo*, 457 U.S. 307 (1982). *Id.* at 842. Under *Youngberg*, "decisions made by the appropriate professional are entitled to a presumption of correctness," and "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." 457 U.S. at 323, 324.

The Court agrees with the Magistrate Judge that Plaintiff has put forward no evidence that Defendant substantially departed from the accepted standards in providing medical care to Plaintiff. With regard to the hearing test, it is undisputed that Defendant initially ordered a hearing test and only cancelled the hearing test when Plaintiff requested ear plugs because he was unable to sleep due to noise outside his room. Defendant, after consulting with another medical professional, determined Plaintiff's hearing complaints were inconsistent with his need for earplugs at night. Plaintiff has put forward no evidence that this action was a substantial departure from accepted profession judgment.[1]

With regard to the skin lesions, Plaintiff does not dispute that Defendant has been continuously treating his lesions. However, he seeks treatment by a dermatologist. It is undisputed that the Department of Mental Health does not have a dermatologist on staff or any contract with a dermatologist. It has been unable to find a dermatologist willing to treat its patients. It is also undisputed that Plaintiff himself can arrange for his own appointment with a dermatologist should he choose to do so. In addition to being seen by Defendant, Plaintiff has been seen by Dr. Nottingham of the surgical clinic for his lesions. (Dkt. No. 38 at 2). Plaintiff has put forward no evidence that Defendant's treatment of his skin lesions is a substantial departure from accepted professional judgment.

With regard to the blood test, Defendant put forward testimony that Plaintiff "shows no objective findings that would support a diagnosis of rheumatoid arthritis" and thus, a referral to a

---

[1] In his objections, Plaintiff states that he did receive a hearing test on March 18, 2016. (Dkt. No. 38 at 1). He now complains that he did not receive hearing aids after the hearing test. However, this is a new claim, not raised in the Complaint, and the Court does not address it further.

rheumatologist or a blood test "is not indicated at this time." (Dkt. No. 19-2 at 5). In his objections, Plaintiff states that he now has received the blood test and that he, in fact, does not have rheumatoid arthritis. (Dkt. No. 38 at 2). Again, Plaintiff has put forward no evidence that Defendant's actions were a substantial departure from accepted professional judgment.

Defendant has submitted expert testimony that his actions were within the standards of care, and Plaintiff has only submitted conclusory assertions to the contrary. Plaintiff lacks the expertise to opine about whether the care he received was within professional standards of care, and the alleged inadequacies are not "so obvious[ly]" a substantial departure from accepted standards "that even a lay person would easily recognize" them as such. *Cf. Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (defining a "serious medical need" as a "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). Therefore, summary judgment is appropriate.[2]

## B. ADA and Rehabilitation Act Claims

The Magistrate Judge recommended dismissing Plaintiff's ADA and Rehabilitation Act claims because Plaintiff has not sued the proper defendant. Plaintiff has not objected to this finding. (*See* Dkt. No. 38). To be a proper defendant, the defendant must own, lease or operate a place of public accommodation within the meaning of the ADA. *E.g., Clement v. Satterfield*, 927 F. Supp. 2d 297, 313-14 (W.D. Va. 2013) (citing cases). Defendant does not do so. Therefore, the Court adopts the R & R and grants summary judgment on these claims.

---

[2] In his objections, Plaintiff also complains about the number of urinary tract infections he has had. To the extent that he is attempting to state a claim, the claim is a new one, not raised in the Complaint, and not addressed further by the Court.

**C. Omnibus Adult Protection Act Claims**

The Magistrate Judge recommends dismissing this claim for failure to name a proper defendant. (Dkt. No. 36 at 16). Plaintiff has not objected to this finding. (*See* Dkt. No. 38). The Court agrees with the Magistrate Judge and dismisses this claim.

## IV. Conclusion

For the reasons stated above, the Court the ADOPTS the R & R (Dkt. No. 36) as an order of this Court. Accordingly, Defendant's motion for summary judgment (Dkt. No. 19) is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

**AND IT IS SO ORDERED**.

_____
Richard Mark Gergel
United States District Judge

September 16, 2016
Charleston, South Carolina

6